UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN JOSEPH RYAN,

             Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

No. 1:14-cv-3006-FVS

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 15, 18.) Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Catherine Escobar represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS plaintiff's Motion for Summary Judgment and DENIES defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff John Joseph Ryan (plaintiff) protectively filed for supplemental security income (SSI) on September 21, 2010. (Tr. 152, 174.) Plaintiff alleged an onset date of August 24, 2010. (Tr. 152.) Benefits were denied initially and on reconsideration. (Tr. 92, 104.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Gene Duncan on September 5, 2012. (Tr. 35-86.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 36-42, 54-75.) Vocational expert Trevor G. Duncan and medical expert Dr. Donna Mary Veraldi also testified. (Tr. 43-53.) The ALJ denied benefits (Tr. 16-22) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was born May 9, 1978 and was 34 years old at the time of the hearing. (Tr. 152.) He has a GED. (Tr. 37.) He had been clean and sober for two years at the time of the hearing.

(Tr. 37, 42.) He last worked in 2003 as a janitor. (Tr. 38.) He was terminated from that job for using a client computer without permission. (Tr. 38.) He looked for other jobs but he did not have a GED at the time and no one would hire him. (Tr. 38.) He has other work experience as a call taker, dishwasher, and lawn service provider. (Tr. 41.) He has good days and bad days. (Tr. 38.) On a good day, he can concentrate "at about a 50 percent level." (Tr. 38.) On bad days, his depression is worse and he does not want to get out of bed. (Tr. 39.) He has bad days about two of every three days. (Tr. 71.) He wants to be left alone to vegetate until he can pull himself out of it. (Tr. 38-39.) He feels worthless and does not want to do anything. (Tr. 39.) He has manic episodes when he will scream, yell, throw things, and stomp around. (Tr. 39.) Manic episodes can last two to three hours. (Tr. 39.) He takes no medication. (Tr. 40, 71.) He has been through chemical dependency treatment where he learned how to overcome his problems. (Tr. 40-41.) He stopped mental health counseling because his counselor thought he was doing well and discharged him. (Tr. 40.) He testified his family hounds him which caused his depression to return worse than ever. (Tr. 41.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision

of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has never engaged in substantial gainful activity. (Tr. 18.) At step two, the ALJ found there are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. (Tr. 18.) Thus, the ALJ concluded plaintiff has not been under a disability as

defined in the Social Security Act since September 21, 2010, the date the application was filed. (Tr. 21.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) determining plaintiff does not have a medically determinable impairment; (2) improperly rejecting diagnoses and medical findings; (3) relying on the opinion of the medical expert; and (4) rejecting plaintiff's testimony regarding his limitations. (ECF No. 15 at 7-24.) Defendant argues: (1) the ALJ properly found plaintiff does not suffer from a severe medically determinable impairment; (2) the medical evidence does not support a finding of a severe impairment; (3) plaintiff's symptoms testimony is insufficient to establish a medically determinable impairment; and (4) the ALJ provided a sufficient basis for discounting plaintiff's testimony. (ECF No. 18 at 4-18.)

## DISCUSSION

**1.     Step Two**

At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). To show a severe impairment, the claimant must first prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, 416.908. A medically determinable impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d). In this case, the ALJ found plaintiff did not establish a medically determinable impairment under the regulations. (Tr. 18.)

Plaintiff argues the record includes "signs, symptoms, and laboratory findings" sufficient to establish a medically determinable impairment. (ECF No. 15 at 9-18.) "Signs, symptoms and laboratory findings" are defined as:

(a) Symptoms are your own description of your physical or mental impairment. If you are a child under age 18 and are unable to adequately describe your symptom(s), we will accept as a statement of this symptom(s) the description given by the person who is most familiar with you, such as a parent, other relative, or guardian. Your statements (or those of another person) alone,

however, are not enough to establish that there is a physical or mental impairment.

(b) Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated.

(c) Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of a medically acceptable laboratory diagnostic techniques. Some of these diagnostic techniques include chemical tests, electrophysiological studies (electrocardiogram, electroencephalogram, etc.), roentgenological studies (X-rays), and psychological tests.

20 CFR 416.928, 404.1528. Pursuant to S.S.R. 96-4p, "under no circumstances may the existence of an impairment be established on the basis of symptoms alone." Additionally, "regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities, i.e., medical signs and laboratory findings." *Id.* Thus, objective evidence must be present to establish a medically determinable impairment.

Plaintiff also argues the ALJ erred by failing to make a credibility finding. (ECF No. 15 at 19-21.) Because the ALJ found there is no medically determinable impairment based on the objective evidence, and because a claimant's symptoms alone, no matter how many or genuine they appear to be, cannot establish a medically determinable impairment, there was no need for the ALJ to make a credibility finding.[1] Therefore, the ALJ did not err by failing to make a specific credibility determination.

Thus, the primary issue is whether the ALJ properly considered the objective medical evidence. Plaintiff argues evidence from treating physician Dr. Sabry, Dick Moen, MSW,

---

[1] If a medically determinable impairment is established at step two, plaintiff's allegations about the intensity and persistence of the symptoms must be considered with the objective medical evidence in evaluating the functionally limiting effects of the impairment; i.e., in determining whether the impairment is a "severe" impairment under the regulations. S.S.R. 96-4p.

Russell Anderson, LICSW, and reviewing psychologists Dr. Beaty and Dr. Kester constitutes substantial evidence supporting a medically determinable impairment. Plaintiff also argues the ALJ erred by relying on the testimony of Dr. Veraldi, the medical expert.

**2.    Dr. Sabry and Dr. Veraldi**

Plaintiff argues the ALJ rejected Dr. Sabry's findings without adequate explanation. (ECF No. 15 at 10-11.) The record reflects Dr. Sabry saw plaintiff in March, May, and September 2011. (Tr. 363, 369, 372.) On his first visit, plaintiff reported symptoms of depression in the context of the death of a friend or loved one which are aggravated by conflict or stress at home or work, lack of sleep and traumatic memories. (Tr. 372.) Symptoms include: depressed mood, diminished interest or pleasure, fatigue or loss of energy, feelings of guilt or worthlessness, poor concentration, indecisiveness and restlessness or sluggishness. (Tr. 372.) Dr. Sabry opined plaintiff has symptoms of a major depressive episode. (Tr. 372.) A patient health questionnaire (PHQ-9) completed by plaintiff reflected a score consistent with moderately severe depression. (Tr. 373.) Dr. Sabry observed a blunted affect and noted plaintiff is not anxious. (Tr. 374.) Plaintiff's partner reported mood change. (Tr. 374.) Dr. Sabry diagnosed depressive disorder, NOS, and noted plaintiff had previously done well on Prozac and restarted the medication. (Tr. 374.)

At his second visit with Dr. Sabry in May 2011, plaintiff endorsed symptoms including anxious, fearful thoughts, depressed mood, diminished interest or pleasure, fatigue or loss of energy, panic attacks and sleep disturbance. (Tr. 369.) A PHQ-9 was again administered, but the results were not noted. (Tr. 369.) Dr. Sabry noted plaintiff was doing very well, starting to enjoy life, sleep better, and had one anxiety attack. (Tr. 370.) Dr. Sabry indicated a diagnosis of depressive disorder NOS and stated plaintiff should continue medication. (Tr. 371.)

At this third visit with Dr. Sabry in September 2011, plaintiff reported it is somewhat difficult to meet home, work or social obligations. (Tr. 363.) PHQ-9 results were consistent with moderately severe depression. (Tr. 364.) Dr. Sabry again noted the context was the death of a friend or loved one and symptoms are aggravated by conflict or stress at home or work and traumatic memories. (Tr. 363.) Symptoms reported by plaintiff included anxious, fearful thoughts, depressed mood, diminished interest or pleasure, fatigue or loss of energy, feelings of guilt or worthlessness, panic attacks, restlessness and sluggishness, significant change in appetitive, and sleep disturbance. (Tr. 363.) Dr. Sabry found plaintiff has the symptoms of a

major depressive episode and diagnosed depressive disorder NOS. (Tr. 363, 365.) Dr. Sabry noted plaintiff was doing well on the current dose of medication, however he "get[s] down every now and then." (Tr. 364.) Dr. Sabry noted plaintiff was "improved" but increased the dose of medicine. (Tr. 365.)

Plaintiff argues the ALJ erred by failing to properly reject Dr. Sabry's findings. (ECF No. 15 at 10-11.) If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Plaintiff argues the ALJ "offers no explanation for rejecting Dr. Sabry's diagnosis other than noting that Mr. Ryan was doing well on medication in May 2011." (ECF No. 15 at 10.) The ALJ pointed out that Dr. Sabry noted the claimant endorsed an array of depressive symptomology but also repeatedly indicated that his complaints were aggravated by stress and conflict in the home. (Tr. 19.) The ALJ cited a March 2011 note by Dr. Sabry stating plaintiff had previously done well on Prozac and it should be restarted. (Tr. 19.) The ALJ also noted Dr. Sabry reported in May 2011 that plaintiff was doing well. (Tr. 20.) The ALJ observed this was consistent with a discharge summary from a chemical dependency treatment provider in August 2011 which indicated that plaintiff was taking antidepressants and reported being stable. (Tr. 20, 381.) This is a reasonable assessment of the evidence. However, this does not amount to a rejection of Dr. Sabry's diagnosis of depression and is insufficient to explain why Dr. Sabry's diagnosis of depression does not constitute a medically determinable impairment. Defendant does not argue that the ALJ in fact rejected Dr. Sabry's diagnosis.[2] Therefore, the court concludes the ALJ did not reject Dr. Sabry's opinion.

---

[2]To the extent defendant argues Dr. Sabry's evidence is not supported by actual psychological "signs" as a reason for discounting the opinion (ECF No. 18 at 8), the court is constrained to review only those reasons asserted by the ALJ, even if that may be a legitimate reason for

1    Thus, the issue is whether Dr. Sabry's diagnosis of "depressive disorder" constitutes

2    objective evidence of a medically determinable impairment. Plaintiff cites *Day v. Weinberger*,

3    522 F.2d 1154, 1156 (9th Cir. 1975.), for the proposition that "when a claimant has been

4    diagnosed with a condition by a medically acceptable source it constitutes objective medical

5    evidence of impairment." (ECF No. 15 at 8.) However, the issue in *Day* was the ALJ's failure to

6    set forth specific reasons for rejecting uncontroverted opinions of two physicians who opined

7    plaintiff was disabled, despite being unable to pinpoint a diagnosis. 522 F.2d at 1156. The ALJ in

8    that case cited the failure to make a diagnosis as a reason for rejecting the physician opinions, but

9    the court concluded that reason provided little support for the ultimate nondisability finding

10    because there was other significant evidence supporting the claim. *Id.* The *Day* court did not

11    discuss step two or determine whether a diagnosis constitutes objective evidence of a medically

12    determinable impairment.[3] *Id.* at 1154. As a result, *Day* is not persuasive in this case.

13    Defendant counters by citing *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2004),

14    for the rule that a diagnosis from a physician which is entirely reliant on a claimant's self-

15    reported symptoms is not enough to establish a medically determinable impairment. (ECF No. 18

16    at 8.) *Ukolov* is more on point because it addresses the findings necessary to support a medically

17    determinable impairment. In that case, plaintiff had a number of complaints and had undergone

18    an exhaustive neurological workup, but the physician had not been able to establish a definite

19    neurological diagnosis. 420 F.3d at 1004. The court concluded that the physician's statement

20    which mentioned gait and imbalance difficulties was insufficient to establish any medically

---

rejecting the opinion. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

[3]The *Day* court cited 42 U.S.C. § 423(d) which provides that a medically determinable impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *Id.*

1    determinable impairment. The court also found that the doctor's records contained no references

2    to results from medically acceptable clinical diagnostic techniques that would support a finding

3    of impairment. Further, the court determined that the doctor's description of plaintiff's symptoms

4    "do not support a finding of impairment because they are based solely on Ukolov's own

     'perception or description' of his problems." *Id.*

5         However, the *Ukolov* court did not hold, as defendant argues, that "it is not enough to

6    present a 'diagnosis' from a physician entirely reliant on Plaintiff's self-reported symptoms."

7    (ECF No. 18 at 8.) The facts in *Ukolov* differ from the current case because the treating doctor in

8    *Ukolov* made no diagnosis. *Id.* The *Ukolov* court stated, "Because none of the medical opinions

9    included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his

10   burden of establishing disability." *Id.* This suggests that if a medical opinion had included a

11   diagnosis, the outcome in *Ukolov* may have been different. Similarly, in *Webb v. Barnhart*, the

12   court noted, "There is not, in this instance, the total absence of objective evidence of severe

13   medical impairment such as was the case in *Ukolov* . . . where we affirmed a finding of no

14   disability at step two when even the claimant's doctor was hesitant to conclude that any of the

15   claimant's symptoms and complaints were medically legitimate." 433 F.3d 683, 688 (9ᵗʰ Cir.

16   2005), *citing* 420 F.3d at 1006. In the case at hand, Dr. Sabry apparently concluded plaintiff's

17   symptoms and complaints were medically legitimate and not only diagnosed but treated plaintiff

18   with medication for depression. Although the basis for Dr. Sabry's conclusions may be

19   somewhat unclear, the ALJ did not cite this or any other reason for rejecting Dr. Sabry's

     diagnosis. As a result, Dr. Sabry's diagnosis indicates there is a medically determinable

     impairment.

20        Even the testimony of Dr. Veraldi, the psychological expert, is equivocal on this issue.

21   Dr. Veraldi testified that she does not believe the evidence justifies a medically determinable

22   impairment. (Tr. 45.) However, she also testified that "perhaps some other people thought so, but

23   I don't think so." (Tr. 45.) Dr. Veraldi testified that the basis for Dr. Sabry's diagnosis is "very

24   slim" based on the record. (Tr. 46.) She went to state, "I don't know how you can do differential

25   diagnosis off of these sort of just vague, you know, lists of a lot of symptoms. That doesn't say a

26   lot to me. It may say a lot to other people." (Tr. 49.) However, when asked "Is it reasonable to

27   assume that this doctor has a basis of his own at least to make that [diagnosis]?" Dr. Veraldi

     responded, "Yes, and sometimes I'm puzzled by them, but, yeah, he talks about depression

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

disorder NOS, which actually I would agree there's probably some type of depression . . . of some type." (Tr. 50.)

Defendant argues the ALJ properly relied on Dr. Veraldi's testimony because Dr. Sabry's opinion is inadequate. (ECF No. 18 at 9-10.) Plaintiff argues the ALJ erred by relying on Dr. Veraldi's testimony. (ECF No. 15 at 16-18.) The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and are consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9ᵗʰ Cir. 1995). Other cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor when other reasons to reject the opinions of examining and treating physicians exist independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9ᵗʰ Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9ᵗʰ Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039. The only other evidence from acceptable medical sources other than Dr. Sabry are the opinions of state reviewing psychologists Dr. Kester and Dr. Beaty, who found medically determinable impairments are supported by the record.[4] (Tr. 264-76, 282.) Thus, it does not appear other substantial evidence supports the finding of the nonexamining medical expert and the ALJ should not have relied primarily on Dr. Veraldi's opinion in finding no medically determinable impairment.

Furthermore, even if the ALJ reasonably relied on Dr. Veraldi's opinion, her testimony is not particularly helpful since she first challenges Dr. Sabry's diagnosis, then acknowledges that he has a basis to make the diagnosis. Step two is a "de minimis screening device [used] to dispose of groundless claims," and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by

---

[4] The ALJ did not reject the opinions of Dr. Kester and Dr. Beaty but acknowledged they assessed work-related limitations. (Tr. 21, 260-62, 282.)

medical evidence." *Webb*, 433 F. 3d a 687, citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); S.S.R. 85-28. Dr. Veraldi's equivocal testimony does not "clearly establish" there is no medically determinable impairment. Thus, the evidence supporting the finding of no medically determinable impairment is not "clearly established" and falls short of the substantial evidence standard. As a result, the ALJ erred in relying on Dr. Veraldi's opinion as the basis for the no medically determinable impairment finding.[5]

### 3.      Other Opinion Evidence

Plaintiff argues the ALJ erred by failing to properly consider the opinions of Russell Anderson, LICSW, and Dick Moen, MSW. (ECF No. 12-15.) Mr. Moen and Mr. Anderson completed DSHS Psychological/Psychiatric Evaluation forms in October 2010 and October 2011, respectively. (Tr. 228-34, 355-59.) Mr. Moen diagnosed major depression, single episode and impulse control disorder. (Tr. 231.) Mr. Anderson diagnosed dysthymic disorder, impulse control disorder, alcohol dependence in full remission, and borderline personality disorder by history. (Tr. 356.) In disability cases, the opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An "other source" opinion may not establish a medically determinable impairment. *See* S.S.R. 06-3p; 20 C.F.R. §§ 404.1513(d), 416.913(d). The opinions of Mr. Moen and Mr. Anderson, both social workers, may not establish a medically determinable impairment and are thus not particularly relevant at the earliest stage of the sequential evaluation. Other

---

[5] Defendant argues the evidence does not support the durational requirement for a severe impairment. However, the ALJ did not discuss duration or identify duration as a reason supporting the decision. (ECF No. 18 at 10.) Defendant also notes Dr. Sabry's records indicate plaintiff's symptoms were aggravated by stress at home or in the context of a death of a friend or loved one. The context of plaintiff's symptoms is not relevant in establishing a medically determinable impairment since plaintiff's subjective symptoms are not at issue at this phase of the analysis.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12

source opinions may, however, be evidence as "observations by non-medical sources as to how an impairment affects a claimant's ability to work" at later stages of the sequential process. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)

Plaintiff argues the forms completed by Mr. Moen and Mr. Anderson are actually the opinions of an acceptable medical source, Dr. Rodenberger, who signed both forms in the box marked "Releasing Authority Signature." (ECF No. 15 at 12-15, ECF No. 20 at 7-8, Tr. 234, 359.) Plaintiff therefore argues the opinions should have been considered by the ALJ in determining whether plaintiff established a medically determinable impairment. There is no evidence Dr. Rodenberger adopted the opinions or otherwise reviewed and agreed to them.

Notwithstanding, the reasons cited by the ALJ for rejecting the opinions are not legally sufficient. An ALJ is obligated to give reasons germane to "other source" evidence before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993). The ALJ rejected the findings of Mr. Moen and Mr. Anderson first because "there is no evidence of treatment accompanying these assessments." (Tr. 20.) This is contrary to the direction to ALJ's to consider observations by non-medical sources as to how an impairment affects a claimant's ability to work, *see* 20 C.F.R. § 404.1513(e)(2), and renders meaningless the instruction to consider the opinions of examining providers. *See Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This is not a valid reason for rejecting the DSHS opinions.

The ALJ's second reason for rejecting the DSHS form opinions is that "claimant confirmed that he was engaged in significant substance abuse at the time." (Tr. 20.) A November 2010 note indicates plaintiff drank in September 2010 and was referred for assessment with a high probability of having a substance dependence disorder, but he completed treatment and was noted to be in sustained remission by the time of Mr. Anderson's assessment. (Tr. 355-59.) Thus, the ALJ's statement is not accurate and not supported by substantial evidence. Furthermore, discussion by the ALJ of the effect of substance use on the limitations assessed is premature. Pursuant to *Bustamante v. Massanari*, consideration of the effects of substance abuse should occur only after a finding of disability without considering the impact of any substance abuse. 262 F.3d 949, 954 (9th Cir. 2001)  As a result, the ALJ's reasons for rejecting the opinions are inadequate, even if the opinions are weighed as "other source" opinions.

Regardless, the matter is remanded on other grounds and the ALJ should reconsider all the evidence and assign appropriate weight to the medical and psychological evidence.

**4.    Remedy**

Plaintiff argues his testimony and all opinion evidence should be credited. (ECF No. 15 at 19-24.) There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Another approach is found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), which holds a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). In this case, award of benefits is premature. Evidence exists that could support findings that were not articulated by the ALJ. Further, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir.2005)). It is not apparent to the court that plaintiff is disabled without additional findings. The outstanding issues must be revisited and resolved by the ALJ on review. The court expresses no opinion as to the outcome of this matter on remand.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. The matter must be remanded for reconsideration. On remand, the ALJ should review the evidence and reconsider the finding of no medically determinable impairment. The ALJ should cite legally sufficient reasons for rejecting any opinion evidence and, if necessary, make a credibility determination. If appropriate, the ALJ should then complete the remainder of the sequential evaluation.

**IT IS ORDERED:**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 14

1.    Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.    Defendant's Motion for Summary Judgment **(ECF No. 18)** is **DENIED**.

3.    An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED:  May 1, 2015


_s/Fred Van Sickle_
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 15